IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, for and on behalf of CBC of Charleston, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Rycars Construction, LLC and Great Midwest Insurance Company, <br><br> Defendants. | Civil Action No. 3:24-cv-3610-SAL <br><br><br> **COMPLAINT** <br> (Miller Act Bond Claim, <br> Breach of Contract, <br> Unfair Trade Practices) |

NOW COMES Plaintiff, United States of America for the use and benefit of CBC of Charleston, Inc., (hereinafter, "CBC"), which brings this action, and shows unto this Honorable Court the following:

1. This claim is brought in the name of the United States of America for the use and benefit of CBC pursuant to 40 U.S.C. § 3133(b)(3)(A), and by CBC in its own right to recover amounts due it pursuant to a subcontract and a Miller Act payment bond.

2. The Plaintiff, CBC, is a corporation duly organized and existing under the laws of the State of South Carolina and is in the roofing business.

3. The Rycars Construction, LLC (hereinafter "Rycars") is a corporation duly organized and existing under the laws of the State of Louisiana, is in the business of general contracting, and conducts business in South Carolina.

4. The Defendant, Great Midwest Insurance Company (hereinafter "Surety"), is, upon information and belief, a corporation that conducts business in the State of South Carolina and issued payment bond No. GM208434, to Rycars as required by the Miller Act to

guarantee payment for services, labor and material performed by subcontractors on a federal government construction project.

5. Rycars entered into a contract with federal government for repairs at the Shaw Air Force Base to building B339 and B1510. (hereinafter "the Project").

6. In connection with work on the Project, Rycars entered into a subcontract with CBC (hereinafter "the Subcontract) to provide certain labor, materials, and equipment relating to repairing the roofs on the two buildings.

7. CBC provided labor and material on the Project within one year of the date of the filing of this Complaint.

8. This Court has jurisdiction of this action pursuant to 40 U.S.C. §§3131 and 3133.

9. Venue is proper in this judicial district because the claim arose and the work was performed in this District.

## FOR A FIRST CAUSE OF ACTION
**(Breach of Contract as to Defendant Rycars)**

10. CBC incorporates by reference each and every preceding allegation as though fully set forth herein.

11. The Government and Rycars entered into a federal government construction contract, whereby Rycars contracted to perform repairs at Shaw Air Force Base, Buildings B339 and B1510, as more fully set forth in the prime contract relating to the Project.

12. Rycars and CBC entered into the Subcontract whereby CBC agreed to supply certain labor and materials on the Project.

13. CBC supplied labor and materials on the Project in performance of its obligations under the Subcontract and as requested by Rycars.

14. During the course of performance CBC submitted pay applications for labor and material provided under the terms of the Subcontract.

15. Upon information and belief, Rycars submitted pay applications to the government for work performed by CBC; however, Rycars has failed and refused to pay CBC the amount owed to CBC and the amount paid by the government to Rycars for the work provided by CBC.

16. By letter dated April 18, 2024, CBC submitted a demand for payment to Rycars pursuant to S.C. Code Ann. § 27-1-15; however, Rycars failed to respond to the demand.

17. The failure by Rycars to pay CBC is a breach of the Subcontract Agreement.

18. As a direct and proximate result of the breach by Rycars, CBC has been damaged and is entitled to actual damages of $246,044.50.

## FOR A SECOND CAUSE OF ACTION
**(Miller Act Bond Claim as to Defendant Great Midwest Insurance Company)**

19. CBC incorporates by reference each and every allegation in preceding paragraphs as though fully set forth herein.

20. CBC submitted pay applications to Rycars for the work performed on the Project; however, Rycars has failed to pay the amount due.

21. CBC provided timely written notice to Surety of the unpaid amount justly due and owed for labor and material provided on the Project prior to filing this Complaint.

22. As a direct and proximate result of Rycars's failure to pay CBC labor its labor, material and services provided in connection with the aforesaid subcontract, and pursuant to the terms of the Miller Act, CBC is entitled to payment in the amount of $246,044.50 from Surety pursuant to the Miller Act.

## FOR A THIRD CAUSE OF ACTION
**(Unfair Trade Practices as to Rycars)**

23. The allegations set forth in preceding paragraphs are repeated and realleged as fully as if said matters were set forth herein verbatim.

24. Pursuant to the terms of the Subcontract, CBC submitted pay applications to Rycars and Rycars, in turn, submitted pay applications to the government based on CBC's pay application.

25. Upon information and belief, Rycars submitted pay applications to the government for the work performed by CBC and certified on the pay applications to the government that Rycars would pay CBC with the funds received from the government for the work performed.

26. Upon information and belief, the government paid Rycars based on the certified pay applications submitted by Rycars.

27. Rycars received payment for CBC's work based on the certified pay applications submitted by Rycars.

28. Rycars failed to pay CBC with the funds received from the government for the work performed by CBC despite having certified that CBC would be paid from the funds.

29. The failure to pay CBC with funds received from the government for CBC's work is a violation of both state and federal law, including both the South Carolina and the federal prompt payment acts.

30. The Defendant's failure to pay CBC when the Defendant received payment from the Government is an unfair and deceptive act as defined by the South Carolina Unfair Trade Practices Act and is a violation of the federal Prompt Payment Act.

31. The Defendant's actions as set forth herein affect the public interest, are capable of repetition, and have been repeated by the Defendant.

32. The Defendant's actions as set forth above were willful and knowing with total disregard for the rights of CBC and other members of the public.

33.     As a direct result of the unfair trade practices by the Defendant, CBC is entitled to an award of actual damages, treble damages, costs, and attorney's fees as provided by the Unfair Trade Practices Act.

WHEREFORE, the Plaintiff prays for judgment against Rycars for actual damages in excess of $246,044.50, plus incidental and consequential damages, treble damages under the Unfair Trade Practices Act claim, for payment of all damages against the Surety, Midwest Insurance Company, pursuant to the Miller Act, interests, attorney's fees as may be allowed at law, costs and for such other and further relief as this Court deems just and proper.

Respectfully submitted.

**KOONTZ MLYNARCZYK BELGER, LLC**

*/s/ Wm. Mark Koontz*
Wm. Mark Koontz (Fed Bar #7840)
C. Brandon Belger (Fed Bar # 11280)
Eric G. Pettis (Fed Bar #14092)
1058 East Montague Avenue
North Charleston, South Carolina 29405
T: (843) 225-4252
F: (843) 277-9120
E: mark@kmlawsc.com
brandon@kmlawsc.com
eric@kmlawsc.com
**Attorneys for Plaintiff**

June 20, 2024
North Charleston, South Carolina